**[J-75A-2020 and J-75B-2020] [MO: Saylor, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**


| | | |
|---|---|---|
| CHESTER WATER AUTHORITY, | : | No. 44 EAP 2019 |
| | : | |
| Appellant | : | Appeal from the Order of the |
| | : | Commonwealth Court entered on |
| | : | 4/25/2019 at No. 801 CD 2018 |
| v. | : | affirming the Order of the Office of |
| | : | Open Records entered on 5/14/2018 |
| | : | at No. AP 2018-0194. |
| PENNSYLVANIA DEPARTMENT OF | : | |
| COMMUNITY AND ECONOMIC | : | ARGUED:  September 16, 2020 |
| DEVELOPMENT, | : | |
| | : | |
| Appellee | : | |
| | | |
| CHESTER WATER AUTHORITY, | : | No. 45 EAP 2019 |
| | : | |
| Appellant | : | Appeal from the Order of the |
| | : | Commonwealth Court entered on |
| | : | 4/25/2019 at No. 1090 CD 2018 |
| v. | : | affirming the Order entered on |
| | : | 7/11/2018 of the Office of Open |
| | : | Records at No. AP 2018-0247. |
| PENNSYLVANIA DEPARTMENT OF | : | |
| COMMUNITY AND ECONOMIC | : | ARGUED:  September 16, 2020 |
| DEVELOPMENT, | : | |
| | : | |
| Appellee | : | |


## CONCURRING OPINION


**JUSTICE DOUGHERTY**                                    **DECIDED:  April 29, 2021**

I concur in the result, and I join Part II of the majority opinion only to the extent it

holds Subsection 708(b)(10)(i)(A) of the Right-to-Know Law (RTKL), 65 P.S. §§67.101-

67.3104, does not prevent disclosure of communications exchanged between a

Commonwealth agency and its private consultant's subcontractors.[1]  I view this specific holding as resolving the RTKL issue presently before the Court.  I write separately to express my distinct views concerning this RTKL exception.

As the dissent observes — and, as demonstrated by the disparate positions of my learned colleagues — the statutory provision protecting predecisional deliberations from disclosure, particularly when viewed in its entirety, is open to at least two reasonable interpretations.  *See* Dissenting Opinion at 2-3.  As explained by the majority, Subsection 708(b)(10) initially provides exception from disclosure for a record that reflects "[t]he **internal**, predecisional deliberations **of an agency, its members, employees or officials** or predecisional deliberations between agency members, employees or officials and members, employees or officials of another agency[.]"  Majority Opinion at 4, *quoting* 65 P.S. §67.708(b)(10)(i)(A) (emphasis in opinion).  This language indicates communications with contracting and subcontracting consultants are not exempt from disclosure under the exception because they plainly are not members, employees, or officials of an agency.  *See id.* at 10-11.  Yet, as noted by the dissent, the provision goes on to include predecisional deliberations relating to, *inter alia*, a "contemplated or proposed policy or course of action **or any** research, memos or **other documents used in the predecisional deliberations**[,]" and this language indicates "any" documents used in predecisional deliberations are protected from disclosure by the exception, without reference to their particular source.  65 P.S. §67.708(b)(10)(i)(A) (emphasis added); *see* Dissenting Opinion at 2.  In my view, a fair reading of the fuller provision reasonably raises the question of whether "internal" describes the predecisional deliberations only, or

---

[1] I fully agree with Part III of the majority's analysis.  *See* Majority Opinion at 13-16 (resolving attorney-client privilege and work-product doctrine issues).

whether, in order to satisfy the exception's criteria, the subject documents must also be internal.

Compounding this textual ambiguity, our jurisprudence has interpreted the plain language of the RTKL to treat records of contractors differently from records of subcontractors for purposes of determining whether a requested record is a public record (notwithstanding whether any exception or other privilege bars disclosure). Under Subsection 506(d) of the RTKL, records in the possession of a third-party **contractor** that relate to the governmental function the third party contracts to perform "shall be considered a public record of the agency for purposes of [the RTKL,]" while, pursuant to this Court's ruling, the records of a **subcontractor** are not.[2] 65 P.S. §67.506(d)(1); *Dental Benefit Providers, Inc. v. Eiseman*, 124 A.3d 1214, 1223 (Pa. 2015) ("[T]he [RTKL] channels access to third-party records through Section 506(d)(1) [and] such provision contemplates an actual contract with a third party in possession of salient records."). Because the records of an agency's contractor are, like the records of the agency, presumed public unless a Subsection 708(b) exception or other exemption applies, *see* 65 P.S. §67.305(a) (records of an agency presumed public), but the records of a subcontractor are not presumed public, it stands to reason that the contractor's communications with the agency might be subject to the limitations on disclosure provided by the RTKL, including the predecisional deliberation exception, in the same manner as those limitations apply to internal agency communications, while the agency's

---

[2] Subsection 501(d)(1) provides,

> A public record that is not in the possession of an agency but is in the possession of a party with whom the agency has contracted to perform a governmental function on behalf of the agency, and which directly relates to the governmental function and is not exempt under this act, shall be considered a public record of the agency for purposes of this act.

65 P.S. §67.506(d)(1).

communications with a subcontractor should not enjoy that protection. Thus, there may be good reason to treat communications of Econsult differently from the communications of the subcontracting firms. It appears that, in applying its holding to an agency's "outside consultants," the majority does not make this distinction; however, I draw attention to this plausible difference only to underscore the lack of clarity imbued in this RTKL provision, and further note that the issue accepted for review by this Court was limited to the predecisional deliberation exception as it might apply to agency subcontractors. *See Finnerty v. DCED*, 222 A.3d 755 (Pa. 2019) (*per curiam*) (granting Petition for Allowance of Appeal of "[w]hether the Commonwealth Court erred in extending the internal, pre-decisional deliberative exception under Section 708(b)(10)(i) of the Pennsylvania Right to Know Law to public information shared with agency **subcontractors** having no direct or proper contractual relationship with the agency") (emphasis added); *but see* Majority Opinion at 11 ("[T]he statutory provision facially does not apply to communications with outside consultants.").

In fulfilment of our duty to interpret the language of the Commonwealth's statutes, our goal is to ascertain and effectuate the intent of the Pennsylvania General Assembly. 1 Pa.C.S. §1921(a). While the federal Freedom of Information Act (FOIA) and the RTKL share some attributes, they are by no means identical. Textually, RTKL Subsection 708(b)(10) contains multiple subsections outlining specific parameters of the predecisional deliberation exception, and bears little similarity to the analogized FOIA Exemption 5 which, somewhat more broadly, exempts from disclosure the inter- and intra-agency communications "that would not be available by law" except in litigation. 5 U.S.C. §552(b)(5).[3] Furthermore, while the federal FOIA jurisprudence cited by both the majority

---

[3] Exemption 5 of FOIA exempts from public availability "inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency, provided that the deliberative process privilege shall

and the dissent might illuminate some contours of assessing whether a contractor's or subcontractor's communications are internal as contemplated by the deliberative process privilege doctrine, they are neither binding on this Court nor consistent or conclusive. Consequently, I prefer to look to state law principles to undertake an analysis of this RTKL exception.

Where the words of a statute are ambiguous, as I view this RTKL provision to be, we may ascertain the intention of the General Assembly by considering, *inter alia*, "[t]he occasion and necessity for the statute[,]" "[t]he mischief to be remedied[,]" "[t]he object to be attained[,]" "[t]he former law, if any, including other statutes upon the same or similar subjects[,]" and "[t]he contemporaneous legislative history." 1 Pa.C.S. §1921(c). We presume "the General Assembly intends to favor the public interest as against any private interest[,]" *id.* §1922(5), and remedial legislation, including the RTKL, "shall be liberally construed to effect [its] objects and to promote justice[,]" *id.* §1928(c). *See Levy v. Senate of Pa.*, 65 A.3d 361, 380, 381 (Pa. 2013); *Bowling v. Office of Open Records*, 75 A.3d 453, 466 (Pa. 2013).

The enactment of the RTKL in 2008 resulted from the passage of Senate Bill 1 of 2007, a widely-supported bill that underwent several revisions over the course of a year. *See* S.B. 1, Gen. Assemb. Reg. Sess. 2007-2008. The law ultimately rewrote and completely replaced prior right-to-know legislation to significantly broaden access to public records by removing the burden of production from a requestor and creating the presumption that all records in an agency's possession are public, unless the agency can prove a requested record falls within a specifically enumerated exception. *See id.*; *Levy*, 65 A.3d at 381 ("enactment of the RTKL in 2008 was a dramatic expansion of the public's

---

not apply to records created 25 years or more before the date on which the records were requested[.]" 5 U.S.C. §552(b)(5).

access to government documents"); *see also Bowling*, 75 A.3d at 457. At each occasion the bill was placed before the Senate for voting, its sponsors and supporters testified regarding the historic and transformative nature of the legislation, as well as its collaborative revision process; preceding its final passage, bill sponsor Senator Pileggi remarked on the law's dramatic expansion designed to make more types of records publicly available, noting its purposeful "transparency gives the public the ability to review government actions, to understand what government does, to see when government performs well, and when government should be held accountable." S.B. 1, PN 1583 - Pa. Legis. J., No. 89, Reg. Sess. of 2007-2008, Bill on Third Consideration and Final Passage, at 1405 (Pa. 2007) (Sen. Pileggi).

Moreover, this Court has consistently recognized that the overriding objective of the RTKL "is to empower citizens by affording them access to information concerning the activities of their government," and we are thus "obliged to liberally construe the [RTKL] to effectuate its salutary purpose of promoting access to official government information in order to prohibit secrets, scrutinize actions of public officials and make officials accountable for their actions." *Uniontown Newspapers, Inc. v. Pa. Dep't of Corrections*, 243 A.3d 19, 33 (Pa. 2020), *quoting*, respectively, *SWB Yankees LLC v. Wintermantel*, 45 A.3d 1029, 1041 (Pa. 2012) and *Dep't of Pub. Welfare v. Eiseman*, 125 A.3d 19, 29 (Pa. 2015); *see Levy*, 65 A.3d at 382 (overriding purpose of the RTKL relates to ensuring expanded and expedited transparency in Pennsylvania government). Importantly, "'[c]onsistent with the RTKL's goal of promoting government transparency and its remedial nature, the exceptions to disclosure of public records must be narrowly construed.'" *Easton Area Sch. Dist. v. Miller*, 232 A.3d 716, 724 (Pa. 2020), *quoting Pa. State Police v. Grove*, 161 A.3d 877, 892 (Pa. 2017).

In sum, the Subsection 708(b)(10) exception contains ambiguous statutory language; given the RTKL's salutary statutory purpose of transparency — for the public to understand what government does and when it should be held accountable — as well as the public presumption clearly embedded by the General Assembly in RTKL Section 305, and our guiding principle of statutory construction that the General Assembly "intends to favor the public interest as against any private interest," I agree that we should decline to afford the protection from disclosure under the predecisional deliberation exception to an agency's communications with subcontractors.